CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 22, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Jeffrey M. Willett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-00031 |
| | ) | |
| Yahoo, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Jeffrey Willett, *pro se*, brings this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, requesting that the court vacate an arbitration award from his proceeding against Defendant Yahoo, Inc. ("Yahoo"). This matter is before the court on Yahoo's motion to dismiss for lack of subject matter jurisdiction, untimely service of process, and failure to state a claim. (Dkt. 9.) For the reasons below, the court will grant Yahoo's motion to dismiss for lack of subject matter jurisdiction.

## I. Background

Willett is a United States citizen currently residing in the Netherlands. (Compl. ¶ 1 (Dkt. 1).) He is a long-time user of Yahoo's email service. (*Id.* ¶ 5.) Willett opened twelve Yahoo accounts between 1998 and 2011. (*Id.*) In December 2024, he began experiencing problems accessing his accounts. (*Id.* ¶¶ 9–10.) He was unable to solve these problems using Yahoo's chat assistant and could not receive live assistance without first subscribing to a paid service. (*Id.* ¶¶ 12–13.) Because of these issues, Willett proceeded to arbitration against Yahoo

on April 25, 2025. (*Id.* ¶ 23.) On December 24, 2025, the arbitrator ruled against Willett. (*Id.* ¶ 47; Dkt. 1-3 at 2–4.) The decision was sent to Willett and Yahoo on January 14, 2026. (Compl. ¶ 47; Dkt. 1-2.)

Willett filed this complaint against Yahoo on April 2, 2026. (Dkt. 1.) He asks the court to vacate the arbitration award under section 10 of the FAA, alleging various errors and misconduct on the part of the arbitrator. (*Id.* ¶¶ 4, 53-54.) Yahoo moved to dismiss on May 28, 2026. (Dkt. 9.) Yahoo argues that court lacks subject matter jurisdiction, that Willett's suit is time-barred by the FAA, and that Willett has failed to state a claim for which relief can be granted. (Def.'s Br. Supp. at 2 (Dkt. 10).) Willett responded on June 11, 2026, (Dkt. 15), and Yahoo replied on June 18, 2026 (Dkt. 20).

## II. Standard of Review

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Whether a federal court has subject matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (cleaned up). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[P]laintiffs carry the burden of proving subject matter jurisdiction." *Stewart v. Nottoway Cnty.*, 684 F. Supp. 3d 467, 475 (E.D. Va. 2023) (citing *Piney Run Pres. Ass'n v. Cty. Comm'rs*, 523 F.3d 453, 459 (4th Cir. 2008)). However, a *pro se* complaint

is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Analysis

Yahoo argues that the court lacks subject matter jurisdiction over this case because section 10 of the FAA does not independently confer federal-question jurisdiction and Willett cannot establish diversity jurisdiction. (Dkt. 10 at 6–7.) The court agrees and concludes that this case must be dismissed.

The FAA's "authorization of a petition [to vacate or modify an arbitration award] does not itself create jurisdiction. Rather, the federal court must have what we have called an 'independent jurisdictional basis' to resolve the matter." *Badgerow v. Walters*, 596 U.S. 1, 4 (2022) (quoting *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). In other words, "an applicant seeking . . . to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum." *Id.* at 8 (citation omitted). "*Badgerow* instructs that we should look to the 'face of the application' for an 'independent jurisdictional basis.' And if the petition alleges that 'federal law (beyond Section 9 or 10 itself) entitles the applicant to relief, then § 1331 gives the court federal-question jurisdiction.'" *Friedler v. Stifel, Nicolaus, & Co., Inc.*, 108 F.4th 241, 246 (2024) (quoting *Badgerow*, 596 U.S. at 9) (cleaned up). At bottom, a petition to vacate an arbitration award does not raise the merits and is "no more than a contractual resolution of the parties' dispute." *Id.* (citation omitted). As a result, "enforcement of the [FAA] is left in large part to the state courts." *Id.* at 245–46.

Willett only asserts sections 10 and 11 of the FAA as the basis for federal-question jurisdiction. (Compl. ¶ 4) ("This Court has subject matter jurisdiction over this cause of action pursuant to the FAA, 9 U.S.C. §§ 10-11 . . . .") His sole cause of action is section 10 of the FAA, as he only requests that the court vacate the arbitration award. (*Id.*) The complaint does not identify any other "grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum." *Badgerow*, 596 U.S. at 8. Since Willett has failed to allege that federal law beyond section 10 itself entitles him to relief, the court lacks federal-question jurisdiction over this suit. *See Friedler*, 108 F.4th at 246.

Willett's complaint does not assert diversity jurisdiction. (Compl. ¶ 4.) Even so, Willett would not be able to meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a). Willett does not allege an amount in controversy greater than $75,000. And as a U.S. citizen residing in a foreign country, he is considered "stateless" for the purposes of diversity jurisdiction and therefore cannot establish complete diversity. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."); *see Segen v. Buchanan Gen. Hosp., Inc.*, 552 F. Supp. 2d 579, 583 (W.D. Va. 2007). Therefore, even construing Willett's complaint liberally, the court lacks diversity jurisdiction over this case.

When a court determines it lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). Because there is no subject matter jurisdiction over

this case, Willett's complaint must be dismissed and the court need not reach Yahoo's arguments that Willett's suit was untimely under the FAA and failed to state a claim under Rule 12(b)(6). Fed. R. Civ. P. 12(h)(3).

## IV. Conclusion

For the reasons stated, the court **GRANTS** Yahoo, Inc.'s motion to dismiss for lack of subject matter jurisdiction. Willett's complaint is **DISMISSED without prejudice**.

An appropriate Order will issue.

**ENTERED** this 22nd day of October, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE